Filed 8/31/20  Valadez v. Cal. Commerce Club CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| ALFONSO VALADEZ, | B297672 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC644587) |
| v. | |
| CALIFORNIA COMMERCE CLUB, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Carolyn B. Kuhl, Judge.  Reversed and remanded with directions.

Moss Bollinger, Ari E. Moss, Dennis F. Moss; Law Offices of Sahag Majarian, II and Sahag Majarian, II for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Jeffrey S. Ranen and William C. Sung for Defendant and Respondent.

_____

After the parties briefed the issues in this appeal, the California Supreme Court decided *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73 (*Reins)*, which compels us to reverse the trial court's grant of summary judgment in favor of respondent.

Appellant Valadez is employed by respondent California Commerce Club, Inc. (Commerce). He filed a class action against Commerce alleging various individual wage and hour violations under the Labor Code as well as a claim for civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004 (PAGA). (Lab. Code, § 2698 et seq.) The trial court compelled arbitration of the non-PAGA causes of action and stayed prosecution of the PAGA cause of action. Eventually at arbitration, Valadez and Commerce settled only his individual non-PAGA claims. When the parties returned to court, Commerce filed a motion for summary judgment, alleging that because Valadez had settled his individual non-PAGA claims, he now lacked standing as an "aggrieved employee" to represent the class on the pending PAGA claim. In its precisely worded decision, the trial court agreed Valadez lacked standing due to the settlement of his individual claims and entered summary judgment in favor of Commerce and against Valadez on that ground alone.

The main issue posed by the parties on appeal is whether employees lose standing to pursue a claim under PAGA if they settle and dismiss their individual claims for Labor Code violations. In their briefing, the parties agree this case presents facts identical to those in *Reins,* where plaintiff employee brought individual Labor Code causes of action, which were sent to and settled in arbitration. There, plaintiff's class action PAGA claim

was later dismissed by the trial court because he was no longer an " 'aggrieved employee' " with PAGA standing. (*Reins*, *supra*, 9 Cal.5th at pp. 82–83.)

In *Reins*, the Supreme Court reversed the grant of summary judgment in favor of the employer, finding that plaintiff had standing to pursue the PAGA claim, notwithstanding the settlement of his individual Labor Code violations. As the Court concluded, "Settlement of individual claims does not strip an aggrieved employee of standing, as the state's authorized representative, to pursue PAGA remedies." (*Reins*, *supra*, 9 Cal.5th at p. 80.) This holding rejects the trial court's basis for granting summary judgment here and compels us to reverse the judgment in favor of Commerce.

We also reject two other issues Commerce raises in its attempt to preserve the judgment in its favor. First, Commerce argues that the claim preclusion doctrine, formerly called res judicata, prohibits a second suit between the same parties on the same cause of action. Commerce argues that the factual bases of the PAGA and non-PAGA claims are identical, so settlement of the non-PAGA claims precludes going forward with the PAGA claim. This theory was also roundly and expressly rejected in *Reins*, where, as here, plaintiff had specifically carved out the PAGA claim from the settlement. (*Reins*, *supra*, 9 Cal.5th at pp. 91–92 ["Where a settlement agreement expressly excludes certain claims, the resulting dismissal does not preclude further litigation on the excluded claim."].) Commerce's argument here on appeal is especially dubious because in the trial court Commerce expressly denied that the settlement itself implicated the PAGA claim. As the trial court pointed out in its findings, "[D]efense counsel confirmed at oral argument, Defendant does

3

not contend that Plaintiff compromised any PAGA claims that might exist. Rather, Defendant's argument is that Plaintiff can no longer pursue any PAGA claims because he is not an aggrieved employee, having compromised all of his individual claims."

We also reject Commerce's argument that the trial court granted summary judgment on the ground that maintenance of the action would undermine California's one judgment rule. We see no such finding or conclusion in the trial court's four-page decision.

Finally, we leave to the trial court on remand any overlapping factual and legal issues prompted by other related class actions against Commerce brought by different plaintiffs for same or similar alleged violations. The trial court has yet to address those issues and it is premature for this court to do so now.

## DISPOSITION

The judgment is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion. Costs awarded to appellant Alfonso Valadez.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, J.

We concur:



BIGELOW, P.J.



GRIMES, J.